UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY A. ZIERKE, | : | CIVIL ACTION NO. 3:CV-14-0350 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | FILED SCRANTON |
| | : | OCT 23 2014 |

**MEMORANDUM**

PER _____ /s/ _____
DEPUTY CLERK

## I. BACKGROUND

Gary A. Zierke, an inmate confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed the above captioned civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1, complaint).

Plaintiff alleges that the United States is responsible as its "employees, Joe Dunstone, Michele V. Samples "Unit Manger, Marc Renda, Hearing Administrator, Warden Ebbert, CMC Gibson" caused injuries to him. (Doc. 1 at 2). Plaintiff claims that he was "placed in segregation in Sept. 2013 and in Dec. 2013, the Plaintiff received a referral notice to the Lewisburg S.M.U. program". (Doc. 1 at 3). He states that the reasons for the referral were that he was "involved in geographical group/gang activity", he "was involved in group and gatherings and demonstrations," and that he "was a known associate of the Native American's and attempted to solicited them to assault staff." Id. Plaintiff further

claims that the same employees "made fraud [sic] and false statements against the plaintiff." Id. He alleges "the above employees wrote and aided each other in fraud and false statements". (Doc. 1 at 4). He lists "injurys [sic] to the Plaintiff" as his being housed with a cellmate for a cell designed for one person, being housed with "no ventilation system", having bunks with no ladder, having an "out-dated steam pipe" in his cell, being placed "in a cell with his enemy's and suffered injurys", being "sprayed with O.C." and "plastic bullett" and having "his flesh was torn from his body." (Doc. 1 at 5-6).

For relief, Plaintiff "wants this Court to order the United States to offer proof of group/gang activity, and misconduct report that would support their Designation Report dated Dec. 17, 2013", which referred him to the SMU, "$12,000 in monetary damages, and "investigate the conditions of the S.M.U. program". (Doc. 1 at 6).

On June 4, 2014, Plaintiff filed a motion to amend/correct complaint, in which he sought to add a "supplemental issue" to his complaint, and an affidavit in support of his motion. (Docs. 10, 11). By Order dated June 6, 2014, Plaintiff's motion to include a supplemental issue was granted, and it was served on Defendants. (Doc. 12).

Plaintiff's supplement, filed on June 4, 2014, alleges that "the United

States, by and through their employees have breached their dutys [sic] owed to the Plaintiff in violation of title 18 U.S.C. 4042, and violated his "rights under the Religious Freedom Reformation Act. 42 U.S.C. 2000 bb-1(c)" and the "Religious Land Use and Institutionalized persons Act 42 U.S.C. 2000 cc-1(2)." (Doc. 10 at 2-3). Plaintiff states that he requested to pray with certain religious items and that he was denied because he had "received a disciplinary action." Id. at 3.

For relief, Plaintiff requests that in spite of disciplinary action inmates be allowed "to practice religion", be "given some kind of native meal, fry bread, corn soup with meal, traditional meat, etc.", and compensation of $500,000. (Doc. 10 at 5).

In his affidavit in support of his supplement, Plaintiff makes four statements concerning his being "denied my Religious practices," and attaches as an exhibit, a copy of a Inmate Request to Staff dated March 8, 2014, in which he seeks to "pray with the Native American pipe" and requests "saber and cedar for [his] medicine bag.' (Doc. 11).

Presently pending is Defendant's motion for a more definite statement. (Doc. 18). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, Defendant's motion for a more definite statement will be granted.

## II. MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief" contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). Rule 8(d) provides that each allegation of the pleading to be "simple, concise, and direct." "'Taken together,' Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting In re: Westinghouse, Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996)).

## III. Discussion

Defendant agues that Plaintiff's allegations are vague and not capable of

response at this time, in that his allegations provide no specific dates for the claims of misconduct and many of the allegations, when liberally construed, are redundant, irrelevant, and plainly contrary to the Federal Rules of Civil Procedure governing pleadings. Defendant argues that it cannot adequately address its alleged role in each purported violation and, further, that it is unclear if Plaintiff intended to allege any violations against individual Defendants in addition to the Tort claim against the United States. This Court agrees.

None of Plaintiff's filings. see (Doc. 1, 10, 11), form one cohesive complaint. This piecemeal filing of a complaint is not acceptable. If the Court were to accept Plaintiff's documents as one complaint, it would be difficult to attempt to (1) define all the claims; (2) delineate if the United States is the sole Defendant, and how it is alleged to be involved with each claim; and (3) establish the facts upon which Plaintiff relies to support each claim. Rule 8(a) would not require that the "complaint" be reviewed in its present form. However, as Plaintiff is proceeding pro se, Defendant's motion for a more definite statement will be granted and he will be given another opportunity to file a singular, complete, amended complain. He is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an

adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

    A separate Order will be issued.

Dated: October 23, 2014

                                                                  United States District Judge