UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY A. ZIERKE, | : | CIVIL ACTION NO. 3:CV-14-0350 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |

**MEMORANDUM**

**I. BACKGROUND**

Gary A. Zierke, an inmate confined in the Special Management Unit ("SMU") at the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed the above captioned Federal Tort Claims action against the United States. (Doc. 1, complaint). By Memorandum and Order dated October 23, 2014, Defendant's motion for a more definite statement was granted, and Plaintiff was directed to file an amended complaint. (Docs. 25-26, Memorandum and Order). On November 4, 2014, Plaintiff filed an amended complaint. (Doc. 28).

Plaintiff alleges that the United States failed to train their employees Marc Renda, Joe Dunstone, Michele V. Samples, Warden Ebbert, and CMC Gibson who work under the color of federal law. Id. Plaintiff claims that "between Nov.

2013 and Dec. 2013, Marc Renda was the author of a referral [to the SMU] form where he states Inmate Zierke was involved in geographical group/gang activity and was involved gatherings was a known associate of the Native Americans and attempted to solicite (sic) them to assault staff knowing his statements to be false, in violation of Title 18 U.S.C. 1001." Id. Zierke claims he notified the Defendants "that this referral form contained false entrys (sic)." Id. He further claims that "through the tort claims form, the Plaintiff put the United States on notice that their employees were violating federal law, 18 U.S.C. 1001, and that the United States has an obligation to train their employees and keep then from committing law violations against federal inmates, specifically inmate Zierke." Id.

Finally, Plaintiff states that the United States was also put on notice that "their employee 'Chaplain Davis' who works under the color of federal law denied the Plaintiff's religious practices" in that "Zierke requested to pray with the Native American pipe and requested sage and cedar for his medicine bag, but was denied because of a disciplinary action." Id. Plaintiff claims that "because the United States failed to correct the problem, the plaintiff suffered the following:

    A. He was transferred to USP-Lewisburg.
    B. He was housed with a cellmate in a cell designed for one

2

      person.
      C. He was housed with no ventilation system.
      D. He was placed in a cell with no ladder on the bunks.
      E. He was placed in a cell with an out-dated steam pipe.
      F. He was placed in a cell with his enemy and suffered injuries,
      sprayed with plastic bullets and having his flesh torn from his
      body.
      G. His cell was infested with prison crap.

Id. For relief, Plaintiff seeks damages in the amount of $512,000.00 and to have this Court "order the United States to offer proof of group/gang activity and misconduct reports that would support their designation report dated Dec. 17, 2013," as well as "require the United States to allow Native Americans to practice their religion and stop using disciplinary actions as a punitive system to deny practice and offer some sort of native meal on an equal basis as other faith groups." Id.

      Presently pending before the Court is Defendant's motion to dismiss, or the alternative, for summary judgment. (Doc. 31). The parties have fully briefed the issues and the motion is now ripe for disposition. For the reasons that follow, Defendant's motion for summary judgment will be granted.

## II. Standards of Review

### A. Motion to Dismiss

Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendant's motion. Thus, the motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009) (when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered").

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

4

material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse

Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition.

Fed.R.Civ.P. 56(e).

### III. Statement of Facts

From the pleadings, declarations and exhibits submitted therewith, the following facts can be ascertained as undisputed.

While housed in the Special Management Unit ("SMU") at USP-Lewisburg, Plaintiff filed three (3) administrative tort claims with the Northeast Regional Office regarding religious practices. (Doc. 33-1 at 3, Declaration of Susan Albert, Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons (BOP) at ¶5).

On March 13, 2012, Plaintiff submitted an administrative federal tort claim which was received by the Northeast Regional Office on March 18, 2013, and assigned as Claim No. TRT-NER-2013-03704. (Doc. 33-1 at 14-18, Tort Claim). Plaintiff complained that the prison had been in lockdown status since February 24, 2013, as a result of an officer having been killed. Id. As a result of the lockdown, Plaintiff claimed to have to "shower in an unsanitary shower because the shower had not been cleaned", he had been "without 1 hr recreation", no access to legal supplies, law library, pencil and paper, his "diet does not meet the recommended 2000 daily requirements", he has been "denied religious

7

services all together" as well as "religious material" and he "has not been given cleaning supplies for the past 17 days." Id. Plaintiff requested $10,000.00 for "breach of duties owed to [him]". Id.

On May 20, 2013, the Northeast Regional Office denied Plaintiff's claim based on the following:

> This is in response to your administrative tort claim in which you seek $10,000.00 in compensation for alleged personal injuries. You allege the conditions at USP-Canaan have violated your constitutional rights on February 26, 2013.
>
> After review of your tort claim, we have decided to deny your claim because you have not alleged an actionable injury under the Federal Tort Claims Act. See 28 U.S.C. §§1346, 2672. If you have not done so already, you may attempt to resolve these issues by filing a request for an administrative remedy consistent with Program Statement 1330.17, Administrative Remedy Program.
>
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

(Doc. 33-1 at 13, Northeast Regional Office Response).

On May 20, 2013, Plaintiff filed Administrative Tort Claim No. TRT-NER-2013-05178, seeking $3000.00 in damages for a claim that officers conducted a shakedown of his cell and removed his Native American Medicine Bag. (Doc. 33-1 at 20, Tort Claim).

8

By letter dated November 19, 2013, the Northeast Regional Officer acknowledged Plaintiff's July 10, 2013 notice of withdrawal and withdrew Plaintiff's Administrative Tort Claim No. TRT-NER-2013-05178. (Doc. 33-1 at 19, Nov. 19, 2013 letter).

On April 17, 2014, Plaintiff filed a federal tort claim seeking $500,000.00 "based on disciplinary action [he] was told [he] cannot pray with Native American ceremony pipe". (Doc. 33-1 at 8-11, Tort Claim).

On May 13, 2014, the Northeast Regional Office denied[1] Plaintiff's Administrative Claim No. TRT-NER-2014-03975, based on the following:

> This is in response to your administrative tort claim in which you seek $500,000.00 in compensation for an alleged personal injury suffered at USP-Lewisburg. Specifically, you claim your constitutional rights were violated.
>
> After review, we have decided to deny your claim because you have not alleged a physical injury actionable under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(2), 2672.
>
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

---

[1] In addition to denying Plaintiff's tort claim, the Federal Tort Claims Act Staff forwarded Plaintiff's administrative claim to the BOP as it raised claims against the BOP. (See Doc. 33-1 at 7, Letter).

9

(Doc. 33-1 at 6, Northeast Regional Office Response). Zierke filed no further administrative tort claims raising SMU issues. (Doc. 33-1 at 3, Declaration of Susan Albert, Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons (BOP) at ¶9).

IV. <u>Discussion</u>

The Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2671 et seq., is a statutory waiver of sovereign immunity for tort claims. <u>Gotha v. United States</u>, 115 F.3d 176, 179 (3d Cir.1997). The FTCA grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671–2680; 28 U.S.C. § 1346(b). The only proper party in an FTCA action is the United States of America. The FTCA allows the government to be sued "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C.A. § 2674. The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. However, as the FTCA is an express waiver of sovereign

immunity, strict compliance with its provisions is required. Livera v. First Nat'l Bank, 879 F.2d 1186, 1194 (3d Cir.1989).

The FTCA does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. Hence, in an FTCA action, the district court applies the law of the state in which the act occurred. See 28 U.S.C. § 1346(b); Castillo v. U.S., 2002 WL 1752235, at *3 (7th Cir.2002). The United States may only be held liable under the FTCA if a private person would be liable under the tort law of the state where the conduct at issue occurred. See 28 U.S.C. § 1346(b) (1). The FTCA's limited waiver of sovereign immunity extends no further than the limits of private tort liability under state law, and a claim based on federal constitutional law may not be involved under the FTCA. Washington v. Drug Enforcement Administrative, 183 F.3d 868, 873 (8th Cir.1999).

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency. The FTCA provides:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ··· unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered

mail.

28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." Wilder v. Luzinski, 123 F. Supp.2d 312, 313 (E.D. Pa.2000) (citing McNeil v. United States, 508 U.S. 106, (1993); Wujick v. Dale & Dale, 43 F.3d 790, 793-94 (3d Cir.1994)).

Moreover, a claimant must abide by the strict time requisites codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be "forever barred."[2] See Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir.1971). In order to sue the United States in District Court and avoid violating the FTCA's express statute of limitations, a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b); see also Bialowas, 443 F.2d at 1049. Section 2401's "time bar is strictly construed."

---

[2] 28 U.S.C. § 2401(b) states:
[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

12

Brown v. Camden County Counsel, No.10–1098, 2010 U.S. App. LEXIS 9826, *6 (3d Cir. May 13, 2010) (citing Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir.1989)).

Plaintiff's FTCA action raises two distinct claims: 1) records were falsified by Bureau of Prisons staff to label Zierke as a gang member and affiliate of violent gang activities and as a result, he was placed in the Special Management Unit ("SMU") in Lewisburg, Pennsylvania under false pretenses; and 2) he was denied religious practices such as praying and items for his medicine bag. (Doc. 28, Amended Complaint).

With respect to Plaintiff's first issue, the record before the Court is devoid of any administrative remedy filed with respect to Plaintiff's placement in the SMU. As such, Plaintiff's FTCA claim concerning his placement in the SMU will be dismissed for Plaintiff's failure to exhaust administrative remedies prior to filing suit. See Abulkhair v. Bush, 413 Fed. App'x 502, 506 (3d Cir.2010) (dismissing FTCA claim for failure to exhaust administrative remedies before filing suit).

To the extent that Plaintiff argues in his brief in opposition that he has exhausted his administrative remedies, the Court finds such argument without

13

merit. Plaintiff states that after he was advised of this SMU placement, he filed a tort claim with the Northeast Regional Office[3] and handed it to a second shift officer at USP-Canaan. (Doc. 36, Brief in Opposition at 6). He claims that he never received a response and deemed his claim denied. Id. However, "in an abundance of caution [he] filed a tort claim appeal" with the General Counsel's Office which was received on January 29, 2014 and denied on February 24, 2014. Id. In support of this, Plaintiff submits a February 24, 2014 rejection of administrative remedy appeal from the National Inmate Appeals Central Office, indicting that Plaintiff's tort claim is being rejected because Plaintiff must present the appeal of his SHU placement formally to their office on a BP-11 form which states that reason for the appeal. (Doc. 36 at 15, Memorandum). There is no

---

[3]The Warden at the institution will designate staff to investigate and prepare a report on the claim. 28 U.S.C. § 543.32. The report, with the Warden's recommendation(s), is then forwarded to the appropriate Regional Counsel. Id. The Regional Counsel's Office will track all outstanding claims until settled or denied. Id. The Regional Counsel or his or her designee reviews the investigation and the supporting evidence and renders a decision of all claims properly filed in the regional office and within regional settlement authority. Id. The Regional Counsel has limited settlement authority (up to an amount established by the Director, Bureau of Prisons). Id. After considering the merits of the claim, the Regional Counsel may deny or propose a settlement. Id.

record that Plaintiff filed such a document, nor does Plaintiff submit to the Court that he complied with the instruction on the appeal from he attaches. As such, Plaintiff has failed to demonstrate that he has properly exhaust his tort claim remedies with respect to his SMU placement, prior to filing the instant FTCA claim and Defendant is entitled to judgment.

With respect to Plaintiff's religious practices claim, the record reveals that Plaintiff filed three administrative tort claims regarding his alleged denial of religious practices and religious items. As is apparent from the undisputed facts, although Zierke exhausted his first administrative tort claim remedies, specifically, Administrative Claim No. TRT-NER-2013-03704, he failed to file his civil action within six months after the denial of his tort claim on May 20, 2013, as required by 28 U.S.C. § 2401(b) and his claim is now barred.[4] As such, Defendant is entitled to summary judgment.

As to Plaintiff's second administrative tort claim, Administrative Claim No. TRT-NER-2013-05178, the record demonstrates that Plaintiff's claim, filed

---

[4]Plaintiff had until on, or before November 20, 2013, to timely file an FTCA action challenging the denial of Administrative Claim No. TRT-NER-2013-03704. The instant action was filed on February 26, 2014, over three months beyond the statutory deadline.

15

on May 20, 2013, was later withdrawn by Plaintiff in a request dated July 10, 2013, and officially, by Memorandum dated November 19, 2013.

Finally, with respect to Administrative Claim No. TRT-NER-2014-03975, Plaintiff's third tort claim action regarding religious practices, the undisputed record reveals that this tort claim was filed on April 17, 2014, after the February 26, 2014 filing of Plaintiff's instant action in federal court. The Supreme Court has stated that any action seeking tort damages from the United States must be dismissed if the action is filed prior to the exhaustion of the administrative tort remedy. McNeil v. United States, 508 U.S. 106, 112 (1993). The Third Circuit, in a non-precedential opinion, has gone further and held that even a subsequent amended complaint, filed after exhaustion of the administrative tort claim, does not cure the jurisdictional infirmity if the original complaint seeking tort damages was filed prior to exhaustion. Hoffenberg v. Provost, 154 Fed.Appx. 307, 310 (3d Cir.2005) ("the date of the amended complaint cannot serve as the date the federal suit was 'instituted' "). Thus, the Court is compelled to dismiss Plaintiff's FTCA claims for lack of jurisdiction because Plaintiff's original complaint was filed prior to the exhaustion of his administrative tort claim. Miller v. United States, 517 F. App'x 62, 63 (3d Cir.2013); Roma v. United States, 344 F.3d 352, 362 (3d

Cir.2003); Robinson v. United States, No. 3:13-CV-1106, 2014 WL 2940454, at *6 (M.D. Pa. June 30, 2014).[5] A separate Order will be issued.

Dated: March 22, 2016     /s/ William J. Nealon
**United States District Judge**

---

[5] Notwithstanding exhaustion, the Court notes that to the extent that Plaintiff is alleging an intentional tort, there is no FTCA claim. 28 U.S.C. § 2680(h). To the extent that Plaintiff is alleging a negligence claim, such should be dismissed because Plaintiff has not alleged any physical injuries as required by the FTCA. 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). To the extent that Plaintiff argues in his brief in opposition that he has suffered a physical injury because, while he was in the SMU he was assaulted by his cellmate, even if true, this would only satisfy the physical injury requirement of the FTCA concerning his claim for placement in the SMU, not his religious practices claim. As such, the undisputed record demonstrates that Plaintiff did not suffer a physical injury related to his alleged denial of religious practices. Plaintiff's claims of denial of religious practices and religious items are based on federal constitutional violations, which are not appropriate under the FTCA. F.D.I.C. v. Meyer, 510 U.S. 471, 477–78 (1994). Thus, Defendants are entitled to summary judgment.